IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RONALD F.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,[2]

    Defendant.

Case No. 6:17-CV-00824-AA
**OPINION AND ORDER**

---

AIKEN, District Judge:

Plaintiff Ronald F. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability insurance benefits ("DIB"). The Commissioner determined that while plaintiff suffered from severe

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration (SSA) ended on November 17, 2017, and a new Commissioner has not been appointed. The official title of the head of the SSA is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Court, therefore, refers to defendant only as Commissioner of Social Security.

Page 1 – OPINION AND ORDER

impairments, he did not meet the disability requirements under the Social Security Act ("Act"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## BACKGROUND

On June 6, 2013, plaintiff filed an application for DIB with an alleged disability onset date of December 25, 2011. Tr. 15. The claim was initially denied on October 15, 2013, and it was denied again on reconsideration on April 29, 2014. *Id.* Plaintiff filed a written request for an administrative hearing which was held on January 26, 2016. *Id.* Plaintiff was represented by counsel. Plaintiff and a Vocational Expert ("VE") testified at the hearing. Prior to the hearing, plaintiff amended his alleged disability onset date to December 28, 2011. *Id.* On March 8, 2016, the Administrative Law Judge ("ALJ") issued an order finding that plaintiff was not under disability for the requisite 12 months and was therefore not eligible for DIB. Tr. 28.

Plaintiff was 57 years old at the time of his alleged onset date and 61 years old at the time of his hearing. Pl.'s Br. at 3. He completed some college coursework and was previously employed as an insurance salesman and a support technician. *Id.*; Tr. 60.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v.*

*Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, "the court may not substitute its judgment for that of the Commissioner" and the decision must be affirmed. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). As a threshold matter, the ALJ determined that plaintiff met the insured status requirement. Tr. 17. Proceeding to step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of December 28, 2011. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ determined that plaintiff had several severe impairments: "history of longstanding lumbar degenerative disk disease with failed laminectomy syndrome, left hand trigger finger, and peripheral neuropathy." *Id.* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c). The ALJ found that the plaintiff's "medically determinable mental impairments of anxiety disorder and depressive disorder, considered singly and in combination, do not cause more than minimal limitations" and were not severe. Tr. 19-20.

At step three, the ALJ determined that plaintiff's impairments, whether considered singly

or collectively, did not meet or equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 that Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 20.

Next, the ALJ assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found that plaintiff had the RFC to perform light work with the following limitations:

> [C]laimant is limited to not more than occasional stooping, kneeling, balancing, or crouching. He can never crawl or climb ladders, ropes, or scaffolds, and he is limited to no more than frequent climbing of stairs and ramps. The claimant can also only frequently handle, grasp, or finger with his left hand and he would need to avoid concentration exposure to heights, moving machinery, and similar hazards.

Tr. 21. In making this determination, the ALJ noted that the "[plaintiff's] significant activities of daily living" suggested that he was capable of performing fairly significant work activities. Tr. 24.

At step four, the ALJ found that plaintiff was capable of performing past relevant work as an insurance salesperson and support technician. Tr. 27; 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). The ALJ relied upon the testimony of a vocational expert in reaching this decision. Because plaintiff could perform past relevant work, the ALJ did not proceed to step five.

Accordingly, the ALJ concluded that the plaintiff was not under a disability as defined by the Act and denied his application for benefits. Tr. 28; 20 C.F.R. § 404.1520(f).

## DISCUSSION

Plaintiff alleges that the ALJ committed harmful error in four ways. He asserts that the ALJ (1) failed to account for mental limitations when determining the plaintiff's RFC and in so doing improperly discounted the opinions of psychologist Manuel Gomes, Ph.D. and therapist Gayle Armstrong, L.I.S.W.-C.P; (2) improperly discredited plaintiff's subjective symptom

testimony; (3) failed to provide legally sufficient reasons for discounting the opinion of treating physician Tony Owens, M.D.; and (4) failed to provide specific, germane reasons for discounting the lay witness testimony of plaintiff's sister. I address each issue in turn.

I. *Plaintiff's Mental Limitations*

Plaintiff argues that while the ALJ's determination at step two, that plaintiff did not have severe mental limitations was harmless error, the ALJ's failure to consider mental limitations during the step four RFC analysis was harmful error because the ALJ assessed "a flawed, incomplete residual functional capacity." Pl.'s at 7-8.

During step two, the ALJ considered the four broad functional areas set out by regulation for evaluating mental disorders: daily living; social functioning; concentration, persistence, pace; and decompensation. 20 C.F.R. § 404, Subpart B, Appendix 1 ("paragraph B" criteria); Tr. 5. The ALJ found that claimant experienced no more than mild limitations in the first three categories and no episodes of decompensation. Tr. 6. This led the ALJ to determine that the claimant's mental limitations were non-severe. *Id.*

The ALJ relied upon medical opinions in coming to this conclusion and to later find no mental limitations in the RFC. "[W]ith rare exception, examining physicians have repeatedly reported evidence of intact cognitive functioning." Tr. 19. The ALJ relied upon findings from two reviewing physicians and one treating physician to support this conclusion. *Id.* The ALJ found that these opinions were consistent with the preponderance of the evidence in the record and claimant's own reports of his activities. *Id.* The ALJ relied upon the opinion of claimant's treating physician, Joseph Gabriel, M.D. who treated plaintiff for anxiety and reported that "claimant's mental condition cause only slight limitations to his ability to function." Tr. 20.

In determining that claimant's RFC did not include any mental limitations, the ALJ gave

little weight to the opinions of examiner Manuel Gomes, Ph.D., and treating counselor Gayle Armstrong LISW-CP. Tr. 25. Plaintiff asserts that this was in error.

Examining and treating physician's opinions may be rejected by an ALJ with specific and legitimate reasons that are supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

In this case, the ALJ assigned little value to examining physician Gomes's opinion because he found Gomes's opinion to be

> fairly vague and provides little insight into the specific work activities that might be affected by the claimant's low moderate impairment or the frequency or degree to which such activities might be limited by the claimant's mental impairments. Moreover, as described above, the almost uniformly benign objective findings relating to the claimant's mental disorders suggest that they would cause only minimal deficits in the workplace.

Tr. 25. Gomes's evaluation indicated both that plaintiff "does not seem to have any psychological barriers to ensuring his ability to maintain regular workplace attendance," and Gomes asserted that plaintiff's pain prevented him from performing at a higher level. Tr. 473. The ALJ assigned little weight to this opinion because it is "fairly vague and provides little insight into specific work activities" that could be affected by claimant's mental impairments, and because this assertion was contradicted by "almost uniformly benign objective findings relating to the claimant's mental disorders." Tr. 25. In this case, the ALJ determined that Gomes's opinion was brief and conclusory and contradicted by other objective evidence in the record. The ALJ had previously completed the paragraph B analysis and found no more than mild limitations in three categories and no limitations in another. Tr. 18-20. By referencing other findings in the record, including Gomes's reports in his opinion, the ALJ provided specific

and legitimate reasons to disregard Gomes's opinion regarding claimant's mental limitations.

As to Armstrong, the treating counselor, the ALJ gave little weight to her opinion because she did not indicate that plaintiff would be unable to work for the requisite 12 months. Tr. 25. The ALJ noted that since Armstrong's report, plaintiff had been responsive to treatment and the record "routinely demonstrated no more than moderate objective abnormalities related to any of his conditions." Tr. 25-26.

Plaintiff argues that while Armstrong did not directly state that he would be unable to work for 12 months, the record indicates that he received treatment from her for 13 months from February of 2012 to March of 2013. Tr. 359-60, 295-96. While it is "error for an ALJ to pick out a few isolated instances of improvement over a period of months . . . and treat them as a basis for concluding a claimant is capable of working," here, the ALJ correctly examined the entire record and determined that the claimant routinely denied feelings of depression that would inhibit his ability to work. Tr. 19, 26. Simply receiving treatment for 12 months does not indicate that claimant had a severe impairment lasting for that amount of time sufficient to give rise to a disability. While other interpretations of the evidence may be asserted, the ALJ's interpretation is rational and must be upheld.

The ALJ provided specific and germane reasons to discount the opinions of Gomes and Armstrong and did not err in not excluding mental limitations in the RFC.

II.   *Subjective Symptom Testimony*

Plaintiff challenges the ALJ's finding that his subjective symptom statements were not entirely credible. Tr. 22. If an ALJ determines that a claimant's subjective testimony is not credible, the ALJ must make specific findings, supported by substantial evidence, to support this conclusion. *Rollins v. Massanari*, 261 F.3d 853, 857-57 (9th Cir. 2001). Plaintiff asserts that the

ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence to discredit his subjective testimony.

The ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible[.]" Tr. 22. Essentially, the ALJ determined that plaintiff's testimony was inconsistent with the medical evidence in the record. *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 2001) (en banc). He stated that,

> Since the amended alleged onset date, the claimant's treatment notes and examination reports have generally failed to include evidence of any more than moderate objective deficits or dysfunction and these records indicate that his conditions have responded fairly well to treatment. These routinely modest findings are inconsistent with the degree of limitation the claimant has alleged and suggest that he has retained the capacity for a fairly broad range of physical work activities.

*Id.* The ALJ noted that over the course of treatment the plaintiff described "feeling better than he had in a long time." Tr. 22-23. Plaintiff had a spinal stimulator implanted in July 2012, and treatment notes indicate that this reduced plaintiff's symptoms by "as much as 90%." Tr. 23.

Plaintiff also asserts that the ALJ improperly relied upon his daily activities to discredit his testimony. The ALJ determined that plaintiff's disability allegations were inconsistent with the daily activities that he undertook when using his medications. The ALJ noted that "the claimant reported engaging in a wide array of chores when using his medications including mowing the lawn, laundry, and light housekeeping." Tr. 24. The ALJ referenced plaintiff's report that he could drive for up to an hour, walk up to half a mile, and go fishing in the ocean. *Id.* "Ultimately, the claimant has generally failed to exhibit any more than moderate objective musculoskeletal or neurological deficits . . . taken with the largely successful treatment he has received and his ability to engage in a fairly wide range of physically demanding daily activities, the undersigned does not find that the claimant's allegations are entirely persuasive." Tr. 24.

Page 8 – OPINION AND ORDER

The Court finds that the ALJ provided sufficiently specific reasons to discredit plaintiff's subjective testimony that was inconsistent with medical evidence in the record.

III.   *Medical Opinion of Treating Physician Tony Owens.*

Plaintiff next asserts that the ALJ erred in disregarding the testimony of treating physician Tony Owens, M.D. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Charter*, 81 F.3d 821, 830 (9th Cir. 1995). However, "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Again, a treating physician's opinions may be rejected by an ALJ with specific and legitimate reasons that are supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Dr. Owens stated in July 2012 that the claimant would be unable to work until sometime after his spinal stimulator was implanted. Owens did not assert that claimant would be unable to work for the requisite 12-month period to warrant a disability finding. 42 U.S.C. §423(d)(1)(A). The ALJ gave little weight to Owen's statement for this reason, coupled with the fact the record revealed that Owens was "extremely responsive to treatment" (the spinal stimulator), and "routinely demonstrated no more than moderate objective abnormalities related to any of his conditions." Tr. 26.

These reasons are specific to Owens' medical report and contradicted by medical records of plaintiff's successful treatment following the implant of his spinal stimulator. Thus, the reasons given by the ALJ are adequate to support his decision to assign Owens' opinion little weight.

IV. *Lay Witness Testimony.*

Finally, plaintiff argues that the ALJ erred in discounting the lay testimony of his sister Jacquelyn F. Lay witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence that an ALJ must consider. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). An ALJ must present specific and germane reasons to reject a lay witness's testimony. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). Reasons that are at least germane in which an ALJ may discount lay witness testimony include (1) inconsistencies or contradictions with medical evidence, *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001), and (2) internal inconsistencies in a statement. *Robinson v. Berryhill*, 690 Fed.Appx. 520, 524 (9th Cir. 2017); *see also Oregon v. Barnhart*, 26 Fed.Appx. 691, 693 (9th Cir. 2002) (internal inconsistencies between statements is a clear and convincing reason to discount credibility). Clear and convincing reasons to discount lay witness credibility also constitute germane reasons. *Khal v. Berryhill*, 690 Fed.Appx. 499, 502 (9th Cir. 2017).

In this case, the ALJ rejected a function report completed by claimant's sister. In rejecting her testimony, the ALJ noted that she was not medically trained to make "exacting observations;" by virtue of her relationship to claimant, she was not a "disinterested third party witness;" and "most importantly, significant weight cannot be given to this opinion because it, like the claimant's allegations, is simply not consistent with the preponderance of the opinions and observations of medical doctors in this case." Tr. 26.

The ALJ erred in discounting this testimony simply because plaintiff's sister did not have medical training. *Nguyen*, 100 F.3d at 1467 ("lay witness testimony as to claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be

disregarded without comment."). The ALJ also erred in discounting Jacquelyn F.'s testimony because she had a close relationship with claimant. *Dale v. Colvin*, 823, F.3d 941, 944-45 (9th Cir. 2016) (claims of bias in the abstract are inadequate to reject lay witness testimony). However, these errors are harmless because the ALJ also rested his decision on the inconsistencies between plaintiff's testimony and the medical evidence, which is an appropriate and germane reason to discount plaintiff's testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ also appropriately pointed to the similarities between the plaintiff's discredited testimony and his sister which is another germane reason to discount lay testimony. *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Thus, the ALJ did not commit harmful error regarding this issue.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 23 day January of 2019.

_____
Ann Aiken
United States District Judge